IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES GRANT, Inmate #N53705, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CIVIL NO. 04-326-JPG |
| RICK SUTTON, JULIUS FLAGG, MARK | ) |
| PIERSON, JOHN EVANS, LT. TURNER, | ) |
| C/O SWALLERS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, a former inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Sutton, Swallers, Flagg, Pierson, Evans, and Turner for denying Plaintiff access to religious services and materials in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").
>
> **COUNT 2:** Against Defendants Swallers, Flagg, Pierson, Evans, and Turner for denying Plaintiff access to the disabled shower, in violation of the Rehabilitation Act.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

## COUNT 1

Plaintiff states that Defendant Sutton denied Plaintiff his right to practice his religion in the following ways.  Defendant Sutton sectioned off the chapel creating a barrier between the Muslim worship area and other areas of the chapel and creating a space too small for all Muslim inmates at Pinckneyville to worship at the same time.  Defendant Sutton then divided Muslim inmates into two groups for worship.  Plaintiff explains that Christian inmates are not denied "full access" to the chapel in the same way.  Defendant Sutton would not allow outside Imans to lead regular worship at Pinckneyville, even after two Imans at Menard Correctional Center volunteered.  Defendant allowed Imans to lead worship only during the holy month of Ramadan.  Plaintiff states that both Christian and Jewish clergy come to Pinckneyville to conduct services.  Defendant Sutton has denied

Muslim inmates permission to participate in holy festivals, even when inmates offered to pay for food or had arranged for donations. Defendant Sutton regularly allows special foods for Jewish holidays. Defendant Sutton has denied Muslim inmates Qurans, but has distributed Bibles for Christians and Torahs for Jews. Defendant Sutton has denied Plaintiff call passes to attend religious study classes and chapel. Defendant Sutton barred Plaintiff from giving sermons, leading prayer, and giving religious instruction. Plaintiff believes that Defendant Sutton barred him from leading worship because he disagrees with the teachings of Islam. Defendant Swallers also denied Plaintiff call passes to attend religious services.

Prisoners retain a First Amendment right to practice their religion, but a regulation that infringes an inmate's free exercise of religion will nonetheless survive constitutional challenge if prison administrators can establish that the regulation is a rational means of furthering a legitimate penological interest. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 351-52 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Tarpley v. Allen County, Ind.,* 312 F.3d 895, 898 (7th Cir. 2002). On the other hand, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq.*, bars a state prison receiving federal funds from implementing general regulations that substantially burden an inmate's "religious exercise" absent a compelling interest, and even then the prison must employ the "least restrictive means" of promoting that interest. 42 U.S.C. § 2000cc-1(a); *see Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003). Based on these standards, the Court is unable to dismiss Plaintiff's claims against Sutton and Swallers at this point in the litigation. *See* 28 U.S.C. § 1915A.

As for Defendants Flagg, Pierson, Evans, and Turner, Plaintiff's only allegations against them are that each of them, through the grievance procedure or through letters directly to them, were

aware of the constitutional violations committed by Defendants Sutton and Swallers, yet they took no action to resolve the situation. There is no constitutional right to a grievance procedure, *see Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996), so their failure to provide a satisfactory response to his complaints is not a separate constitutional violation. In addition, the doctrine of respondeat superior does not apply to section 1983 actions; a defendant must be personally responsible for a constitutional deprivation to be held liable for it. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). However,

> A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted). Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez*, 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")

*Sanville,* 266 F.3d at 740. Plaintiffs allegations are sufficient to show that Defendants Flagg, Pierson, Evans, and Turner had knowledge of Plaintiff's treatment by Defendant Sutton and either condoned it or turned a blind eye to it. At this point in the litigation, these Defendants cannot be dismissed from this count; Plaintiff may proceed against all Defendants on Count 1.

### COUNT 2

Plaintiff states that he is a "qualified individual with a disability" and that he uses a wheelchair for mobility. He states that Defendants Swallers and Turner would not allow him out of his cell fifteen minutes prior to dayroom privileges so that he might take a shower in the disabled shower area. Plaintiff states that this is a violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

The Seventh Circuit has found that the Rehabilitation Act applies to prisons, following the Supreme Court's reasoning in *Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998) (the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., applies to prisons). *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000). Contrary to ADA claims, which must be pursued in state court, an individual plaintiff may pursue claims in federal court under the Rehabilitation Act. Based on these legal standards and on Plaintiff's allegations, Count 2 cannot be dismissed at this point in the litigation.

Plaintiff against states that Defendants Flagg, Pierson, and Evans were aware, through the grievance procedure and other complaints, that Plaintiff was not allowed to shower 15 minutes prior to dayroom privileges, but did nothing to prevent further violations. Based on the standards listed above regarding supervisory defendants, none of the defendants can be dismissed from this count at this time. Plaintiff may proceed against Defendants Swallers, Turner, Flagg, Pierson, and Evans on Count 2.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Sutton, Flagg, Pierson, Evans, Turner, and Swallers***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Sutton, Flagg, Pierson, Evans, Turner, and Swallers*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process

in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: September 27, 2006**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**